# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

CARRIE LYNN HENRY,                )
                                  )
              Plaintiff,          )
                                  )
v.                                )        Case No. CIV-09-309-KEW
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
              Defendant.          )

## OPINION AND ORDER

Plaintiff Carrie L. Henry (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act.   Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled.   For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A).   A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries:     first, whether the decision was supported by

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on March 30, 1972 and was 36 years old at the time of the ALJ's decision. She completed her high school education. Claimant has engaged in past relevant work as a substitute teacher. Claimant originally claimed she was unable to work beginning March 10, 1999 but amended her onset date to

November 20, 2004. Claimant alleges she cannot work due to headaches, degenerative disc disease, back and neck pain, seizures, depression, PTSD, personality disorder, and somatoform disorder.

## Procedural History

On March 30, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications for benefits were denied initially and upon reconsideration. On August 14, 2008, Claimant appeared at a hearing before ALJ Charles Headrick in Tulsa, Oklahoma. By decision dated November 4, 2008, the ALJ found Claimant was not disabled at any time through the date of the decision. On June 9, 2009, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a substitute teacher.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to make appropriate determinations at steps 4 and 5; and (2) engaging in an improper credibility determination.

## Step Four and Step Five Analysis

Claimant contends the ALJ's analyses at steps 4 and 5 are faulty because (a) he never propounded a hypothetical to the vocational expert with appropriate limitations; (b) he failed to consider Claimant's mental impairments; and (c) he failed to consider the requirements of Claimant's past relevant work. At the administrative hearing, the ALJ first asked the vocational expert to describe Claimant's past work. He then posed the question of the vocational expert "[a]ssume the claimant, at the time of this evaluation to be a 34-year old female with a high school education. The ability to read, write and use numbers. Assume the individual has the physical capacity to perform full range of light work. Assume further that the individual has functional or mental limitations based upon the diagnosis of Exhibit 21F and limitations at Exhibit 22F." The ALJ then inquired whether Claimant could return to her past work and if other jobs existed that she could perform. (Tr. 38-39).

Exhibit 21F is a Psychiatric Review Technique completed by Dr.

Laura Lochner on September 15, 2006. (Tr. 575-88). Dr. Lochner concluded Claimant suffered from Affective Disorder with Reported Depressed Mood. (Tr. 578). She also set forth moderate limitations in Claimant's activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. (Tr. 585).

Exhibit 22F is a Mental Residual Functional Capacity Assessment form completed by Dr. Lochner on September 15, 2006. (Tr. 589-92). Dr. Lochner concluded Claimant was markedly limited in her ability to understand and remember detailed instructions, ability to carry out detailed instructions, and ability to interact appropriately with the general public. (Tr. 589-90). Dr. Lochner concluded Claimant could understand and perform simple and some complex tasks, can interact appropriately with others, at a superficial level, but not the general public. She also found Claimant can adjust to a work situation. (Tr. 591).

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental

impairments accepted as true by the ALJ. <u>Talley v. Sullivan</u>, 908
F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical
questions need only reflect impairments and limitations borne out
by the evidentiary record. <u>Decker v. Chater</u>, 86 F.3d 953, 955
(10th Cir. 1996). Claimant contends the ALJ failed to question the
vocational expert because he did not verbally state the limitations
that were contained in the records presented to the expert for his
consideration in rendering an opinion. Nothing in the regulations
or the prevailing case authority precludes the ALJ from indicating
the limitations to be considered by the expert via written record.
It is clear from the record that the vocational expert and the ALJ
were in congruity as to the records to be considered and that the
expert had the written reports before him when he gave his opinion.
This Court finds no error in the ALJ's methodology in questioning
the vocational expert.

Claimant next contends the ALJ failed to include mental
impairments in his questioning of the vocational expert. Again,
the ALJ relied upon the reports of Dr. Lochner as to Claimant's
mental impairments. The limitations set out by the ALJ in both the
questioning of the vocational expert and his RFC reflected in his
written decision are supported by substantial evidence.

Claimant also asserts the ALJ failed to consider the mental

requirements of Claimant's past relevant work in the questioning of

the vocational expert. The ALJ states in his decision that he has

compared his RFC determination with the requirements of Claimant's

past relevant work. (Tr. 14). Additionally, the ALJ discussed the

requirements of Claimant's past relevant work with the vocational

expert. (Tr. 38). This argument is without merit.

## Credibility Determination

Claimant contends the ALJ discounted her credibility without

specifically setting forth which of her statements were found to be

not credible. Also, Claimant states she suffers from somatoform

disorder which is known to cause a person's symptoms to appear out

of proportion to the physical findings. Two pages in this 828 page

record indicate Claimant at one time had been diagnosed with

somatoform disorder. One dated February 22, 2007 (Tr. 734) and one

dated May 24, 2007 (Tr. 733). No other prior or subsequent

treatment record indicates this condition, including the

consultative records upon which the ALJ relies for reaching his

credibility determination. Moreover, the true basis provided by

the ALJ for not finding Claimant's claims entirely credible stems

from Claimant's testimony itself as to the daily activities she can

perform. (Tr. 14).

It is well-established that "findings as to credibility should

8

be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. <u>Id</u>. The ALJ satisfied his obligations under the prevailing case authority in his analysis of Claimant's credibility.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 29th day of September, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE